UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUNIOR ORLANDO ANDREW,

        Plaintiff,

-vs-                                            Case No. 5:06-cv-293-Oc-10GRJ

UNITED STATES OF AMERICA,

        Defendant.

_____

## O R D E R

This case is before the Court for consideration of Junior Orlando Andrew's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1), to which the Government has responded and moved to dismiss (Doc. 11). Both Andrew's motion and the Government's motion are ripe for review and, having considered the arguments of the parties, the Government's motion is due to be granted and Andrew's motion is due to be dismissed.

On September 21, 1999, pursuant to a written plea agreement, Andrew entered a plea of guilty to one count of a nine-count indictment that charged various federal drug offenses. Andrew's written plea agreement contained an appeal waiver that stated as follows:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.

> Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and **expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence in violation of the law apart from the sentencing guidelines**; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis added).  On January 26, 2000, Andrew was sentenced to 136 months' imprisonment, and the remaining eight counts fo the indictment were dismissed.  Andrew had a total offense level of 29 and a criminal history category of IV, and was sentenced to the middle of the applicable Guidelines range of 121-151 months.  Absent the federal court's consideration of a 1992 conviction in Georgia, however, Andrew would have been sentenced pursuant to a criminal history category of III and would have faced a Guidelines range of 108-135 months.

Following his sentencing in federal court, Andrew filed a writ of habeas corpus in the Superior Court of Dougherty County, Georgia challenging his 1992 conviction on the ground that his plea of guilty was unsworn and that he was never advised of the rights he was giving up by entering his plea.  On remand following appeal of an initial denial of that writ, the Superior Court of Dougherty County vacated Andrew's conviction because the record was insufficient to refute his claims.

On August 14, 2006, Andrew filed his § 2255 motion, in which he asserts that he should be resentenced with a criminal history category of III.  The Government concedes

that Andrew's motion is timely. However, the Government contends that Andrew knowingly and voluntarily waived collateral challenge of his sentence and, thus, his motion should be denied.

In <u>Johnson v. United States</u>, 544 U.S. 295, 304 (2005), the Supreme Court acknowledged that "a defendant who successfully attacked his state conviction in state court . . . could then apply for reopening of any federal sentence enhanced by the state sentence." In <u>Johnson</u>, which Andrew relies upon almost exclusively, the Court primarily addressed the timeliness of a motion such as the one before the Court. <u>Id.</u> at 303-05. However, the Court also stated at the outset of its analysis that:

> Neither the enhancement provision of the Sentencing Guidelines here, nor the mandatory enhancement under the Armed Career Criminal Act has been read to mean that the validity of a prior conviction supporting an enhanced federal sentence is beyond challenge. Our cases applying these provisions assume the contrary, that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated.

<u>Id.</u> at 303 (internal citations omitted). The Supreme Court did not address whether a defendant's knowing and voluntary waiver of his right to collaterally challenge his sentence would preclude him from being "entitled to a reduction if the earlier conviction is vacated." <u>Id.</u> That is the question now before this Court.

At the outset, the Court finds that Andrew's waiver of his right to appeal was knowing and voluntary. Waiver should be enforced if the Government has demonstrated that "the district court specifically questioned the defendant about the waiver during the plea colloquy." <u>United States v. Benitez-Zapata</u>, 131 F.3d 1444, 1446 (11th Cir. 1997). Here,

3

not only was the appeal waiver explicitly defined in Andrew's written plea agreement - every page of which Andrew initialed before he signed that agreement - the United States Magistrate Judge also engaged Andrew in a probing colloquy that addressed his waiver of his right to appeal his sentence.  In that exchange, Andrew initially expressed some concern over waiving his right to appeal, and that concern prompted the United States Magistrate Judge to provide a detailed explanation of the rights that Andrew was waiving and to inform Andrew that the court would postpone the hearing to allow Andrew to consider his plea.  Andrew chose to plead guilty and he unequivocally stated that he understood all of the rights that he waived by pleading guilty.

Having established that Andrew knowingly and voluntarily waived his right to appeal, the Court must now consider whether that waiver is effective as to the particular § 2255 motion now before the Court.  The Court finds that it is, and, therefore, that Andrew's motion should be dismissed.  Johnson did nothing to change the fact that the right to appeal is a statutory right that a defendant can knowingly and voluntarily waive.  See Benitez-Zapata, 131 F.3d at 1446;  United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).  An appeal of his sentence based upon the vacation of Andrew's 1992 conviction subsequent to his sentencing does not fit into any of the exceptions stated in his plea agreement.  Thus, Andrew's waiver of his right to appeal his sentence bars the particular collateral attack of that sentence now before the Court.  Although at first blush the Court can understand why a pro se party would read the Supreme Court's statement that a defendant "is entitled to a reduction if the earlier conviction is vacated" as

necessitating the relief that Andrew requests, such a literal interpretation of that statement divorced from any context whatsoever is not appropriate.

Accordingly, upon due consideration, the Government's Motion to Dismiss (Doc. 11) is GRANTED and Junior Orlando Andrew's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DISMISSED.[1]

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of March, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[1] The Court need not address the Government's argument that the claim in Andrew's motion is not cognizable on collateral review because the Court has dismissed that motion on other grounds.